IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FRANK C. SOLIS, JR.**                                                                                          **PLAINTIFF**

**V.**                              **CASE NO. 4:19-CV-38-SWW-BD**

**SHERRY WALLACE, et al.**                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. Solis may file written objections with the Clerk of Court if he disagrees with the Recommendation's findings or conclusion. To be considered, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Solis does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.

### II.    Discussion

Frank Solis, a pre-trial detainee at the Pope County Detention Center ("Detention Center"), filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Solis alleges that Defendant Wallace read his legal papers on one occasion and that Defendant Sweet violated his due process rights by failing to adequately respond to his grievance.

The Prison Litigation Reform Act requires federal courts to review complaints filed by prisoners and to dismiss claims that do not state a claim for relief before ordering service of process. 28 U.S.C. § 1915A(b). The Court has reviewed the complaint in this case and has liberally construed Mr. Solis's allegations. Even if all allegations in the complaint are true, however, Mr. Solis has not stated a federal claim for relief.[1]

Mr. Solis first alleges that, on November 6, 2018, Defendant Wallace "shook [his] rack down." (#4 at p.4) At that time, Defendant Wallace read Mr. Solis's "legal papers." Based on Mr. Solis's allegations, it appears that the legal papers that Defendant Wallace read were correspondence from this Court. Such correspondence does not constitute privileged legal mail. Under settled law, legal mail is narrowly defined as mail "to or from an inmate's attorney." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Furthermore, even if Defendant Wallace opened mail from Mr. Solis's attorney, no liability arises from an isolated incident of opening incoming confidential legal mail "without any evidence of improper motive or resulting interference with the inmate's right to access the courts or right to counsel." *Id*. Here, Mr. Solis has not alleged or indicated that Defendant Wallace acted with an improper motive or that any other constitutional violation occurred as a result of Defendant Wallace's action.

---

[1] Mr. Solis also names the Detention Center as a party Defendant, but the Detention Center cannot be held liable under 42 U.S.C. § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")). As a result, Mr. Solis's claims against the Detention Center fail.

In addition, Mr. Solis claims that Defendant Sweet violated his due process rights by failing to properly investigate and respond to his grievance regarding Defendant Wallace's conduct. Prisoners, however, do not have a constitutional right to a grievance procedure. *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) and *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, cannot support a federal claim for relief.

### III.  Conclusion

The Court recommends that Mr. Solis's claims be DISMISSED, without prejudice, based on his failure to state a constitutional claim for relief. The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and suggests that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 28th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE